UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

August 5, 2013

Frederick A. Raab, Esquire
Mignini, Raab & Demuth, LLP
606 Baltimore Avenue, Suite 100
Towson, MD 21204

Craig B. Ormson,
   Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard, Room 617
Baltimore, MD 21235

Subject: William Hammett v. Carolyn W. Colvin, Acting Comm'r of Social Security
Civil Action No.: BPG-12-3202

Dear Counsel:

      Pending before this court, by the parties' consent (ECF Nos. 5, 7), are Cross-Motions for Summary Judgment (ECF Nos. 12, 14), and plaintiff's Response to Defendant's Motion (ECF No. 15), concerning the Commissioner's decision denying plaintiff William Hammett's[1] claim for Supplemental Security Income ("SSI"). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); see Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). No hearing is deemed necessary. Loc. R. 105.6. For the reasons noted below, the court will grant defendant's Motion (ECF No. 14) and deny plaintiff's Motion (ECF No. 12).

      On December 3, 2009, plaintiff filed a claim for SSI, alleging that he was disabled due to "no use of my left arm, have little vision in my left eye, no hearing from my left ear," "cleft palate and speech problems" and "can't stand long," with an onset date of October 25, 2009. (R. at 133-36, 153.) Plaintiff's claim was denied initially, and upon reconsideration. (R. at 63-66, 72-73.) After a hearing before an Administrative Law Judge ("ALJ") (R. at 35-60), the ALJ issued a decision, dated January 11, 2011, denying plaintiff's claims. (R. at 24-34.) The ALJ followed the five-step sequential analysis set forth in 20 C.F.R. § 416.920 (2010). At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the protective application date of November 20, 2009. (R. at 26.) At step two, the ALJ determined that plaintiff had the following severe impairments: "Residual effects of left upper extremity and facial fractures." (R. at 26-29.) At step three, however, the ALJ found that plaintiff did not have an impairment, or combination of impairments, that met or medically equaled any Listings. (R. at 29.) At step four, the ALJ determined that, although plaintiff retained the Residual Functional Capacity ("RFC") to perform "a limited range of light work as defined in 20 C.F.R. 416.927(b),"

---

[1] In the Complaint, plaintiff's name is spelled "Hammet." The record indicates that the correct spelling is "Hammett." Accordingly, the Clerk is directed to amend the case style to the correct spelling of plaintiff's name, Hammett.

plaintiff is unable to perform any past relevant work. (R. at 29-32.) Finally, at step five, the ALJ determined that, in light of plaintiff's age, education, work experience, and RFC, there were a significant number of jobs available in the national economy that plaintiff could perform. (R. at 32-33.) Accordingly, the ALJ determined that plaintiff was not disabled. (R. at 33-34.) The Appeals Council denied plaintiff's request for review, making the ALJ's opinion the final decision of the Commissioner of Social Security. (R. at 5-8.)

Plaintiff challenges the Commissioner's decision on the following grounds: (1) the fact that the record does not contain certain documents warrants remand; (2) the ALJ failed to follow the treating physician rule; and (3) the ALJ presented an inadequate hypothetical question to the Vocational Expert ("VE") at the hearing.

First, plaintiff argues that remand is required to "perfect the record to preserve [plaintiff's] rights" because the following documents are missing: (1) documentation of plaintiff's protective filing date of November 20, 2009; (2) plaintiff's prior application for benefits, filed in 1997; (3) plaintiff's second prior application, filed in 2002; (4) plaintiff's request for reconsideration; and (5) a dated copy of the Commissioner's denial of plaintiff's request for reconsideration. Plaintiff has cited no substantive information that may be contained in these documents that would be relevant to this case. Perry v. Comm'r, Soc. Sec. Admin., No. SAG-12-1478, 2013 WL 1390405, at *1 (D. Md. Apr. 3, 2013) (claimant's missing application for benefits and request for reconsideration had no information relevant to appeal of disability determination). Plaintiff's protective filing date is cited throughout the record (see, e.g., R. at 134), and the ALJ determined that plaintiff was not disabled at any time from November 20, 2009 to the date of the decision. (R. at 34.) Also, it is clear that the Commissioner received plaintiff's request for reconsideration because that request was denied. (R. at 72-73.) The exact date of the denial of the request for reconsideration is irrelevant because the Commissioner does not argue that any procedural error or lack of jurisdiction bars plaintiff's SSI claim. Indeed, after the Appeals Council denied review, plaintiff timely filed this action in this court. Thus, the absence of these documents from the record has no effect of plaintiff's rights. As to plaintiff's prior applications for benefits, there is evidence in the record indicating that plaintiff returned to work in 2003 and 2007 (R. at 137-39), subsequent to his prior applications, and plaintiff now claims he is entitled to benefits as a result of impairments sustained in a 2009 scooter crash. (R. at 133, 385 (citing October 25, 2009 as the onset date)). Plaintiff has not stated what information could be ascertained from the two prior applications that could have any bearing on the instant case. In sum, there is no basis for remand as a result of the absence of the documents cited by plaintiff.

Plaintiff's second argument is that the ALJ erred by failing to follow the treating physician rule as to the opinion of Dr. Frederick Vandusen, which led to an RFC assessment that is not supported by substantial evidence. Under the treating physician rule, the ALJ must generally give more weight to a treating physician's opinion. See 20 C.F.R. § 416.927(d)(2) (2010). Where a treating physician's opinion is not supported by clinical evidence or is

inconsistent with other substantial evidence, however, it should be afforded significantly less weight. Id.; Craig, 76 F.3d at 590. Moreover, the ALJ is never required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 416.927(e).[2]

      Here, the ALJ gave "little weight" to Dr. Vandusen's opinion that plaintiff is "limited in 'all work activities' and that [plaintiff] can sit, stand, or walk for no more than 1 hour *total* per day," finding that the opinion "lack[s] medical support and moreover, is contrary to [plaintiff's] acknowledged daily activities." (R. at 31-32) (emphasis in original). While the ALJ acknowledged that certain aspects of Dr. Vandusen's opinion were supported by the record, the ALJ cited plaintiff's ability to ambulate and independently use public transportation to maintain a schedule as evidence that plaintiff can alternate sitting, standing, and walking. (R. at 29, 31.) As to other activities of daily living, the ALJ found that plaintiff's statements regarding the effects of his impairments were not entirely credible. (R. at 30-31.) For example, the ALJ noted that plaintiff does not cook, clean, do laundry, or go shopping, because his live-in girlfriend (who is disabled and receives benefits) does these tasks, suggesting that plaintiff's alleged disability is not the reason that plaintiff cannot perform household chores. (R. at 31.) The ALJ determined, based on plaintiff's overall activity level, his difficulties with prolonged sitting, standing, and walking could be alleviated in a work setting by alternating these activities. The ALJ's analysis as a whole adequately shows that Dr. Vandusen's opinion is inconsistent with evidence in the record and may be accorded less than controlling weight. (R. at 31.) Moreover, as to Dr. Vandusen's opinion that plaintiff is blind in his left eye and deaf in his left ear, there is no objective evidence of diagnosis or treatment in the record to support these findings. (R. at 29.) Plaintiff cites no evidence suggesting that plaintiff's vision or hearing limitations affect his ability to work, as outlined in the RFC determination. Thus, the ALJ did not err in determining that plaintiff's alleged vision and hearing impairments are not medically determinable impairments. (R. at 29.) Finally, plaintiff's argument, made in passing (ECF No. 112-1 at 11 n.19, 24 n.49), that the ALJ improperly relied on the opinion of the State agency medical consultant, is without merit. The ALJ properly gave "significant weight" to the consultant's opinion, which opinion is consistent with the medical evidence of record. (R. at 32.)

---

[2] Plaintiff cites the incorrect "persuasive contradictory evidence" standard, enunciated in Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987), and other cases. This standard was superseded by 1991 amendments to the regulations. See Brown v. Astrue, No. CBD-10-1238, 2013 WL 937549, at *4 (D. Md. Mar. 8, 2013) (recognizing that Coffman states "a defunct legal standard"). While persuasive contradictory evidence is certainly sufficient to demonstrate that a particular treating source opinion is not entitled to controlling weight, it is not necessary. Mere inconsistency with the medical evidence of record is a valid basis to accord less than controlling weight to a treating source opinion. Napier v. Astrue, No. TJS-12-1096, 2013 WL 1856469, at *2 (D. Md. May 1, 2013) ("[W]here a treating source's opinion is . . . inconsistent with other substantial evidence, it should be accorded significantly less weight." (citing Craig, 76 F.3d at 590; 20 C.F.R. § 416.927(d)(2))).

Specifically, the lack of objective evidence in the record of any treatment for a visual impairment, discussed above, supports the consultant's assessment that visual limitations do not affect plaintiff's ability to work. (R. at 376-77.) In sum, the ALJ did not err in giving less than controlling weight to the treating physician's opinion, or by according significant weight to the consultant's opinion, in the process of assessing plaintiff's RFC.

Plaintiff's final argument is that the ALJ erred by relying on the VE's answer to an improper hypothetical question. An ALJ has great latitude in posing hypothetical questions, and need only include those limitations for which there is substantial support in the record. Ray v. Comm'r, Soc. Sec. Admin., No. SAG-11-2397, 2012 WL 2860875, at *2 (D. Md. July 9, 2012). Here, the ALJ's question to the VE concerned a hypothetical claimant with limitations consistent with plaintiff's RFC, i.e, the limitations for which the ALJ found substantial evidence in the record. (R. at 33, 53-56.) The ALJ also accounted for plaintiff's alleged visual and auditory limitations, even though the ALJ eventually found that those impairments are not medically determinable. (R. at 29, 54.) The VE testified that such a claimant would be able to work. (R. at 33, 53-56.) The ALJ was not required, as plaintiff argues, to include in the hypothetical question all of plaintiff's diagnoses, as opposed to functional limitations affecting his ability to work. Ray, 2012 WL 2860875, at *2 ("The ALJ's hypothetical is not intended to include diagnoses, but need only include any functional limitations resulting from those diagnoses.") For example, because there is no evidence that plaintiff's history of heart surgery has any effect on his ability to work, the ALJ was not required to include this medical information in the hypothetical scenario. Accordingly, the ALJ did not err in relying on the VE's answer to a proper hypothetical question.

For the reasons stated above, defendant's Motion (ECF No. 14) is GRANTED and plaintiff's Motion (ECF No. 12) is DENIED. The case style shall be amended to correctly spell plaintiff Hammett's name. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                Very truly yours,

                /s/

                Beth P. Gesner
                United States Magistrate Judge